**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7270**

CHARLES HAWKINS,

            Petitioner - Appellant,

      v.

JOE COAKLEY, Complex Warden,

            Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:17-cv-00080-GMG)

Submitted:  September 20, 2019                    Decided:  October 11, 2019

Before GREGORY, Chief Judge, and THACKER and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Charles Hawkins, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Hawkins, a District of Columbia offender, filed a 28 U.S.C. § 2241 (2012) petition, asserting that prison officials violated his due process rights when, during prison disciplinary proceedings where he faced a potential loss of good time credits, he was denied access to video surveillance footage of the incident giving rise to the disciplinary charges. The district court adopted the magistrate judge's recommendation and denied § 2241 relief. In denying Hawkins' § 2241 petition, the district court concluded that there was a legitimate penological interest in denying Hawkins access to the footage because knowledge of camera angles could threaten prison security. However, the disciplinary hearing officer ("DHO") never offered any such justification for denying Hawkins access, stating only that, due to the location of the incident and the camera angles, the surveillance footage was inconclusive.

We recently held that "inmates at risk of being deprived of a liberty interest, like good time credits, have a qualified right to obtain and compel consideration of video surveillance evidence." *Lennear v. Wilson*, __ F.3d __, No. 18-6403, 2019 WL 3980165, at *10 (4th Cir. Aug. 23, 2019). In so holding, we recognized that "an inmate's right of access to video surveillance evidence—like any other form of documentary evidence— must give way if the government establishes that providing the inmate with access to the evidence would be 'unduly hazardous to institutional safety or correctional goals.'" *Id.* at *7 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)). In *Lennear*, we identified "four overarching principles" in analyzing whether prison officials violate an inmate's rights by denying access to surveillance footage:

2

[(1)] the government bears the burden of establishing a legitimate penological justification for refusing to provide access to or consider the evidence; [(2)] decisions as to whether to provide access to or consider the evidence must be made on an individualized basis; [(3)] a decision to deny access to or consideration of such evidence must be made by a disinterested official; and, [(4)] before categorically refusing to provide access to or consider such evidence, prison officials must assess whether any alternative avenues exist to allow access to or consideration of the evidence.

*Id*. at \*10.

Because the district court did not have the benefit of *Lennear* at the time it issued its decision denying Hawkins § 2241 relief, we vacate the district court's order and remand for further proceedings in light of *Lennear*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*